UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:08CV-175-H

ABLES & HALL BUILDERS, et al.                                                        PLAINTIFFS

V.

U.S. BANK, N.A.                                                                           DEFENDANT

**MEMORANDUM OPINION AND ORDER**

Defendant in this action, U.S. Bank, N.A., has moved to stay these proceedings so that a action previously filed by U.S. Bank which raises identical issues may proceed in the United States District Court for the Southern District of New York. Plaintiffs in this action, who are a Kentucky general partnership and the Kentucky resident general partners, argue that equity requires that they be allowed to proceed in a Kentucky court, where the transactions occurred and where most of the witnesses reside.

Ordinarily, "when actions involving nearly identical parties and issues have been filed in two different district courts, the court in which the first suit was filed should generally proceed to judgment." *Certified Restoration Dry Cleaning Network, L.L.C. v. Tenke Corp.*, 511 F.3d 535 (6th Cir. 2007) (quoting *Zide Sport Shop of Ohio v. Ed Tobergate Assoc., Inc.*, 16 Fed. Appx. 433, 437 (6th Cir. 2001) (internal citations and quotation marks omitted)). This so-called "first-to-file" rule proceeds from a belief in "the general principle[, which] is to avoid duplicative litigation" between federal district courts, *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976), and is a "well established doctrine that encourages comity

among federal courts of equal rank." *AmSouth Bank v. Dale*, 386 F.3d 763, 791 n.8 (6th Cir. 2004) (quoting *Zide Sport Shop,* 16 Fed. Appx. at 437)); *see also Smith v. Sec. & Exch. Comm'n*, 129 F.3d 356 (6th Cir. 1997). But while the rule is directed toward equity, comity and convenience, it is not absolute. *Zide Sport Shop*, 16 Fed. Appx. at 437. Courts should neither follow the rule blindly nor completely disregard other factors such as the location of the parties and witnesses, the location where the controversy transpired, or attempts at unfair forum shopping by one of the parties. *Id*. ("District courts have the discretion to dispense with the first-to-file rule where equity so demands . . . . Factors that weigh against enforcement of the first-to-file rule include extraordinary circumstances, inequitable conduct, bad faith, anticipatory suits, and forum shopping").

There can be no question that the New York action and the instant action involve "nearly identical parties and issues." However, Plaintiffs assert that all of the events and witnesses material to this case are located in Kentucky, and that to require the Kentucky parties to try the case in New York would put them at an unfair disadvantage. They say that these factors favor allowing both actions to proceed. This Court disagrees.

U.S. Bank filed the earlier complaint in New York based upon a non-exclusive forum clause contained in the Master Agreement between it and the Ables & Hall general partnership. The Master Agreement also provides that New York law shall generally govern disputes among the parties arising out of the transaction. In short, U.S. Bank has sound reasons for filing in New York, and nothing about the complaint or the facts surrounding its filing in New York suggests a premature subversion of normal legal procedures in order to obtain a preferential jurisdiction or any other impropriety which might "weigh against enforcement of the first-to-file rule." *Id.*

2

In contrast, allowing the Kentucky action to continue would have several adverse consequences. Two federal district courts would be considering identical issues, thus wasting the time of lawyers and judges, risking inconsistent results and confusing remedies, and wrongly making justice a function of which court decides the matter first. Also implicit in Plaintiffs' desire to maintain an action in this court is the improper suggestion that the New York federal courts cannot fairly resolve this matter for Kentucky parties. These are the same adverse consequences that support the very existence of the "first-to-file" rule. *See id.* And while the New York action is in its entirety a breach of contract action, the instant action seeks, in part, a declaratory judgment on the same issues raised by the New York action, which risks allowing "the wholesome purpose of declaratory acts [to] be aborted by [their] use as an instrument of procedural fencing either to secure delay or to choose a forum." *Tempco Elec. Heater Corp. v. Omega Eng'g, Inc.*, 819 F.2d 746, 750 (7th Cir. 1987) (quoting *Am. Auto. Ins. v. Freundt*, 103 F.2d 613, 617 (7th Cir. 1939)); *see also AmSouth Bank*, 386 F.3d at 791 n.8 (quoting *UAW v. Dana Corp.*, 1999 WL 33237054, *6 (N.D. Ohio Dec. 6, 1999) ("Cases construing the interplay between declaratory judgment actions and suits based on the merits of underlying substantive claims create, in practical effect, a presumption that a first filed declaratory judgment action should be dismissed or stayed in favor of the substantive suit")).

Quite simply, nothing about these facts suggests inequitable or bad-faith behavior on U.S. Bank's part by filing in New York. Consequently, the Court finds no reason to avoid application of the "first-to-file" rule. Certainly, should the New York court lack jurisdiction over any necessary party, or any party for that matter, or should the New York venue prove inconvenient or inequitable to one of the Kentucky parties, the instant action may become the

proper vehicle for resolution of the dispute between the parties.  But these issues are for the Southern District of New York to decide.  In the interim, this Court concludes that a stay of proceedings here is consistent with the interests of justice and the convenience of the parties as it will avoid duplicate proceedings.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Defendants' motion to stay the proceedings here is SUSTAINED and these proceedings are STAYED until further order of this Court.

cc:     Counsel of Record